NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMES F. LEINENBACH, | : | |
| Petitioner, | : | Civil No. 12-1480 (RMB) |
| v. | : | |
| DONNA ZICKEFOOSE, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

James F. Leinenbach, Pro Se
#41086-066
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432

**BUMB**, District Judge

Petitioner James F. Leinenbach, currently confined at the Federal Medical Center Devens in Ayer, Massachusetts, was confined at the Federal Correctional Institution at Fort Dix, New Jersey, at the time he submitted this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's claims under § 2241 will be dismissed, without prejudice.

**BACKGROUND**

A review of the petition and attached record reveal that on June 3, 2010, Petitioner injured his shoulder using the pull up bar in recreation. According to the Regional Administrative Remedy attached to the petition (See Pet., Regional Remedy, docket entry 1, p. 14 of 15), Petitioner was seen by a nurse and given an x-ray which revealed no abnormality except for "mild degenerative changes such as inflammation or arthritis." On June 14 and August 6, 2010, Petitioner was seen and treated by health care providers. He was diagnosed with a sprain/strain of the rotator cuff, shown exercises and refused recommended medications. He was referred to an Orthopedic Consultant and examined, and diagnosed with Bursitis secondary to rotator cuff disease, but Petitioner declined medication and steroid injections. An MRI request was considered but not approved.

At some point ("the 24th of February") Petitioner was hospitalized at St. Francis Hospital and diagnosed with "a pinched nerve in [his] upper spine and a torn rotator cuff . . ." (Pet., id., at p. 2 of 15). Petitioner argues that his treatment was "grossly inadequate" and his ability to get an MRI was "intentionally interfered with". (Id.)

2

**DISCUSSION**

The Court notes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

First, although Petitioner did not submit a change of address notice, according to the BOP's website, inmate locator, it appears that Petitioner has been transferred to a medical facility within the Bureau of Prisons. See http://www.bop.gov/iloc2/LocateInmate.jsp. It appears by virtue of his transfer to the medical center, that his medical claims are being addressed.

Further, Petitioner's medical claims do not find their basis of jurisdiction in § 2241.  Rather, these claims must be filed in a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), or in a civil action for declaratory or injunctive relief.  Nevertheless, Petitioner's petition is replete with instances of medical care, including his medical records evidencing that he was being seen and cared for by BOP medical staff and specialists at both FCI Schuylkill and at FCI Fort Dix in the latter period of 2010 for his shoulder injury.

Finally, by Petitioner's own admission as evidenced by the record attached to the petition, at the time he filed the instant petition, he had not exhausted his administrative remedies; rather, he stopped at the Regional Administrative level remedy.[1]

---

[1]  The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of his/her own confinement."  <u>See</u>  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  <u>See</u> 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  <u>See</u> 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. <u>See</u> 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  <u>See</u> <u>id.</u>  Appeal to the

**CONCLUSION**

For the foregoing reasons, in accordance with the attached Order, this Court dismisses the petition, without prejudice, and orders the Clerk of the Court to close this case.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: April 10, 2013

---

General Counsel is the final administrative appeal.  See id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.